UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD YOUNG,

Petitioner,

v.

KELLY SANTORO,

Respondent.

No. 2:25-cv-2965 DAD CSK P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1990, petitioner was convicted of murder, corporal injury to a spouse and false imprisonment by violence, with sentence enhancements for personal use of a firearm and great bodily injury. In the instant petition, petitioner challenges the denial of his request for resentencing pursuant to California Penal Code § 1170.95.[1] Pending before this Court is petitioner's motion to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 9.) This motion is fully briefed. (ECF Nos. 9, 10, 11.) For the reasons that follow, this Court recommends that petitioner's motion be denied.

**I. LEGAL STANDARDS RE: EXHAUSTION AND STAY AND ABEYANCE**

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before

[1] Section 1170.95 was renumbered as section 1172.6 effective June 30, 2022. (ECF No. 1 at 1 n.1.)

claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346, 351 (1989). A claim has been fairly presented if the petition has described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233, 237 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-38.

A petitioner may avoid dismissal of a petition containing unexhausted claims through seeking a stay and abeyance of his petition. See Dixon v. Baker, 847 F.3d 714, 718-20 (9th Cir. 2017). The purpose of a stay and abeyance is to give a petitioner the opportunity to exhaust his claims in state court before presenting them in federal court. Id.

A stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) may be employed as to both mixed petitions and petitions raising only unexhausted claims.[2] See Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016). A Rhines stay is appropriate if petitioner demonstrates (1) good cause for his failure to exhaust, (2) any one of the unexhausted claims is potentially meritorious; and (3) there is no indication that the petitioner engaged in abusive tactics or intentional delay. See Rhines,

[2] The Court notes that the alternative procedure for staying and abeying a federal habeas petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), only applies to habeas petitions that contain exhausted as well as unexhausted claims for relief. Because the instant petition is wholly unexhausted, a Kelly stay is not available in the present case.

544 U.S. at 277-78.

## II. BACKGROUND

Petitioner originally filed this action in the Ninth Circuit Court of Appeals as an application for authorization to file a second or successive habeas corpus petition under 28 U.S.C. § 2254. (ECF No. 2.) On September 22, 2025, the Ninth Circuit denied the application for authorization to file a second or successive habeas corpus petition as unnecessary because it raised claims solely regarding the denial of petitioner's petition for resentencing under California Penal Code § 1170.95, which did not become ripe until petitioner's prior § 2254 petition was denied. (ECF No. 1.) The Ninth Circuit transferred this action to the United States District Court for the Eastern District of California and deemed the petition filed in this court on September 30, 2024. (Id.)

The instant petition raises one claim which petitioner concedes is not exhausted. (ECF No. 2-4 at 8-9.) Petitioner argues that the state court's denial of his resentencing petition under California Penal Code § 1170.95 (now § 1172.6) violated his right to due process because the state courts failed to consider petitioner's documented substantial impairments and mental illness that indicated petitioner's inability to form the intent to commit murder. (Id. at 14-22.)

This Court observes that petitioner has previously filed three habeas corpus petitions in this Court challenging the merits of his underlying conviction: case no. 2:94-cv-1235 DFL JAM, case no. 2:06-cv-2873 WBS EFB, and case no. 2:24-cv-00157 DJC DMC.[3] In case no. 2:94-cv-1235, petitioner argued that his trial counsel was ineffective for failing to present a heat of passion defense or a diminished capacity defense based on voluntary intoxication and mental disorder, or to conduct any investigation into said defenses. See case no. 2:06-cv-2873 (ECF No. 13-1 at 4-7). Petitioner also raised claims alleging prosecutorial misconduct and insufficient evidence to support the verdict that the shooting was premeditated or deliberate. See id. (ECF No. 13-1 at 7-11). On December 13, 1996, the magistrate judge recommended that the petition be denied. See id. (ECF No. 13-1). On March 5, 1997, the district court adopted these findings and

[3] This Court takes judicial notice of the records in case no. 2:94-cv-1235, case no. 2:06-cv-2873 and case no. 2:24-cv-00157. See Fed. R. Evid. 201(c).

recommendations. See id. (ECF No. 13-2). Both case no. 2:06-cv-2873 and case no. 2:24-cv-00157 were dismissed as second or successive petitions. See case no. 2:06-cv-2873 (ECF No. 21); case no. 2:24-cv-00157 (ECF No. 26).

## III. DISCUSSION

For the following reasons, this Court finds that the claim raised in the petition is not potentially meritorious, as required for a Rhines stay. To put this finding in context, this Court first discusses the relevant state court opinions. On August 24, 2022, the Solano County Superior Court denied petitioner's petition for resentencing: "A review of the Court file confirms Petitioner was the actual killer and not entitled to relief under Penal Code § 1170.95. He has failed to make a prima facie showing for relief. The Court denies the Petition for Resentencing." (ECF No. 2 at 28.) On June 1, 2023, the California Court of Appeal denied petitioner's appeal from the Superior Court's August 24, 2022 order:

> In 1990, a jury convicted defendant Ronald Dee Young of first degree murder and other crimes against Dawn Barth, and he was sentenced to 32 years to life in prison. This division affirmed the judgment in an unpublished opinion. (People v. Young (Mar. 31, 1992, A050961).)
>
> Decades later, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.), which amended Penal Code [Footnote 1] sections 188 and 189 to alter liability for murder under the theories of felony murder and natural and probable consequences. The bill also established a procedure, under former section 1170.95, now section 1172.6, for eligible defendants to petition for resentencing. Young filed a petition for resentencing under the statute, and the trial court summarily denied it on the basis that he was Barth's actual killer.
>
> > [Footnote 1: All further statutory references are to the Penal Code.]
>
> Young now appeals from the denial of his petition for resentencing. His appointed appellate counsel filed a brief under People v. Delgadillo (2022) 14 Cal.5th 216, 221–222 (Delgadillo), which established the procedural framework for appellate courts to follow when counsel finds no arguable issues in a section 1172.6 appeal. Under that framework, we gave Young notice that he had a right to file a supplemental brief or his appeal could be dismissed. (See Delgadillo, at pp. 231–232.)
>
> Young filed a letter in which he claims that he was improperly convicted of first degree murder because evidence that would have negated his intent to kill was not admitted, meaning he was effectively tried on a theory of felony murder. He also seeks to

replace his appellate counsel on the basis that counsel failed to raise the felony-murder issue or any other issues under section 1172.6. But the only theory of first degree murder on which the jury was instructed was premeditated murder, and it is clear from the record that Young "was the actual killer and the only participant in the killing." (Delgadillo, supra, 14 Cal.5th at p. 233.) As a result, he is ineligible for relief under section 1172.6, and any potential procedural error in the denial of his resentencing petition was necessarily harmless. Accordingly, we deny his request for new counsel and affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

On October 28, 1988, Young shot Barth to death in the apartment the two shared. He was tried and convicted of first degree murder, as well as corporal injury to a cohabitant and false imprisonment by violence based on an earlier incident involving Barth. [Footnote 2.] The jury also found true the allegations that Young personally used a firearm during all three offenses. [Footnote 3.]

> [Footnote 2: The convictions were under sections 187, subdivision (a) (murder), 273.5, subdivision (a) (corporal injury to cohabitant), and 236 (false imprisonment).]

> [Footnote 3: The firearm allegations were found true under section 12022.5. The jury also found that Young personally inflicted great bodily injury on Barth during the murder under section 1203.075, making him ineligible for probation.]

In August 1990, the trial court sentenced Young to 32 years to life in prison, composed of a term of three years for the corporal injury to a cohabitant and consecutive terms of two years for the accompanying firearm enhancement, 25 years to life for the murder, and two years for the accompanying firearm enhancement, plus concurrent terms of two years for the false imprisonment and two years for the accompanying firearm enhancement. This court affirmed the judgment in March 1992.

Thirty years later, in 2022, Young submitted a petition for resentencing under former section 1170.95. On a form petition, he checked boxes indicating that he met all the statutory requirements for relief, including that he "could not presently be convicted of murder or attempted murder because of changes made to Penal Code [sections] 188 and 189, effective January 1, 2019." (See § 1172.6, subd. (a).) He also requested that counsel be appointed to represent him.

In an accompanying brief, Young claimed that he "was denied a fair trial and was unjustly convicted of first degree murder" because evidence relevant to his mind state during the murder was not introduced at trial. Specifically, he argued that evidence of his voluntary intoxication with methamphetamine and his underlying psychological problems would have supported an argument that he did not have the "ability to form the specific intent to kill," meaning "he might not have been convicted of first degree murder." Young

also claimed that the denial of his pretrial motion to sever the murder count from the other charges was "extremely prejudicial" because the events underlying the other charges "were used by the prosecution to show premeditation and deliberation for a first degree murder conviction."

The resentencing petition was not officially filed until August 2022, after the prosecution had filed a response to it. Later that month, the trial court summarily denied the petition without appointing counsel for Young or holding a hearing. In its order, the court stated that "[a] review of the Court file confirms [Young] was the actual killer and not entitled to relief under Penal Code Section 1170.95. He has failed to make a prima facie showing for relief." Young appealed from the denial, arguing in his notice of appeal that he did not have a specific intent to kill and that "not allowing him a proper hearing for malice under Penal Code section[s] 188 and 189" violated the law.

II. DISCUSSION

Young argues that he is entitled to relief under section 1172.6 because evidence of his voluntary intoxication and mental-health issues was not introduced at trial. Below, he claimed that this evidence could have established he did not act with a specific intent to kill. On appeal, he reiterates this argument while also suggesting that the absence of such evidence amounted to the prosecution's trying him on a theory of felony murder.

Young's claim is meritless for two reasons. First, the jury was not instructed on felony murder, and we are unable to perceive how the omission of evidence that might have negated his specific intent amounted to trying him on such a theory. Rather, the jury was informed that it could convict him of first degree murder only if it found that Barth's killing was willful, deliberate, and premeditated. Thus, Young was not "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime," as required to obtain relief under section 1172.6. (§ 1172.6, subd. (a).)

Second, resentencing under section 1172.6 is "unavailable if the defendant was ... the actual killer." (People v. Strong (2022) 13 Cal.5th 698, 710; Delgadillo, supra, 14 Cal.5th at p. 233.) There is no dispute that Young actually killed Barth and, indeed, was the only person involved in causing her death. As a result, even if he did not in fact act with express malice, he cannot obtain relief under section 1172.6.

Young also asks us to replace his appointed appellate counsel, based on their disagreements about strategy for this appeal. As discussed, the claims Young himself raises lack merit. Having exercised our discretion to perform an independent review of the record, we do not perceive any other arguable issues either. (See Delgadillo, supra, 14 Cal.5th at p. 232.) Since Young is categorically ineligible for relief under section 1172.6, any error in the trial court's disposition of his petition would be harmless under any standard. (See, e.g., People v.

> Lewis (2021) 11 Cal.5th 952, 957–958 [assessing prejudice from failure to appoint counsel under former section 1170.95].) Therefore, we affirm the order denying his petition for resentencing and deny his request to appoint new appellate counsel.
>
> III. DISPOSITION
>
> The August 24, 2022 order denying Young's petition for resentencing under former section 1170.95 is affirmed.

People v. Young, 2023 WL 3746286, at *1-3 (Cal. App. June 1, 2023).

A petitioner may seek federal habeas relief from a state court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam). A claim that involves solely the interpretation of state law is not cognizable on federal habeas review. See Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). "A state court's misapplication of state sentencing law may violate due process if a petitioner can demonstrate both state sentencing error and that the error was 'so arbitrary or capricious as to constitute an independent due process' violation." Cole v. Sullivan, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020) (quoting Richmond v. Lewis, 506 U.S. 40, 50 (1992)). But a habeas petitioner "may not ... transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996); see also Carter v. Koenig, 2019 WL 6331375, at *5 (C.D. Cal. Oct. 30, 2019), findings and recommendations adopted, 2019 WL 6330638 (C.D. Cal. Nov. 22, 2019) ("Petitioner characterize[ing] [section 1172.6 claims] as a violation of his federal constitutional rights is not sufficient, without more, to state a federal claim.").

Petitioner challenges the state court's denial of his resentencing petition under former section 1170.95 as a violation of his right to due process in that the state courts failed to consider his documented substantial impairments and mental illness that indicated his inability to form the intent to commit murder. A state court's allegedly erroneous denial of resentencing under former section 1170.95 does not raise an issue cognizable on federal habeas review. See Luckett v. Bailey, 2025 WL 579196, at *3 (N.D. Cal. Feb. 21, 2025) (listing cases where federal courts held that challenges to denials of former section 1170.95 petitions were not cognizable on federal

habeas review); Muhammad v. Matteson, 2024 WL 3792394, at *2 (E.D. Cal. Aug. 13, 2024), findings and recommendations adopted, 2024 WL 4729409 (E.D. Cal. Nov. 8, 2024) (challenges to state court's denial of resentencing under section 1170.95 do not present a federal question); Bowen v. Samuels, 2024 WL 1289579, at *1 (N.D. Cal. March 25, 2024) (same); Thompson v. Martinez, 2023 WL 8939217, at *5 (C.D. Cal. Dec. 18, 2023), findings and recommendations adopted, 2024 WL 313612 (C.D. Cal. Jan. 25 2024) (same); Calderon v. Covello, 2023 WL 5420229, at *3 (N.D. Cal. Aug. 22, 2023) (same); Proby v. Ross, 2021 WL 4441542, at *1-2 (E.D. Cal. Sept. 28, 2021), findings and recommendations adopted, 2022 WL 118951 (E.D. Cal. Jan. 12, 2022) (same).

As stated above, a state court's misapplication of state sentencing law may violate due process if a petitioner can demonstrate both state sentencing error and that the error was "so arbitrary and capricious as to constitute an independent due process" violation. Richmond, 505 U.S. at 50. However, a habeas petitioner "may not … transform a state-law issue into a federal one merely by asserting a violation of due process." Langford, 110 F.3d at 1389. Here, both the Solano County Superior Court and the California Court of Appeal found that petitioner was not eligible for resentencing under section 1170.95 because petitioner was the actual killer. Petitioner does not dispute that he was the actual killer or that resentencing under section 1170.95 is not available if the defendant was the actual killer. Accordingly, this Court finds that the record does not support a finding of state law sentencing error or an error so arbitrary or capricious to constitute an independent due process violation. See Cole, 480 F. Supp. 3d at 1098 (state court's determination that petitioner was not eligible to be resentenced pursuant to § 1170.95 because record showed he was actual killer in his case was not arbitrary or capricious and did not deprive petitioner of due process). This Court is bound by the state court's interpretation and application of section 1170.95. See id. (citing Bradshaw v. Richey, 546 U.S. at 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

Having found that petitioner's claim is not cognizable on federal habeas, this Court finds that the claim raised in the petition is not potentially meritorious. Based on this finding, this

Court need not reach respondent's argument that petitioner's claim is barred by the statute of limitations and that petitioner fails to demonstrate good cause for his failure to exhaust his claim prior to filing the instant action. See Wooten v. Kirkland, 540 F.3d 1019, 1022 (9th Cir. 2008).

## IV. CONCLUSION

This Court recommends that petitioner's motion to stay this action pursuant to Rhines be denied because the claim raised in the petition is not potentially meritorious, as required for a Rhines stay.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to stay (ECF No. 9) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Youn2965.157/2