UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD YOUNG,

Petitioner,

v.

KELLY SANTORO,

Respondent.

No. 2:25-cv-02965-DAD-CSK HC

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE UNDER *RHINES*

(Doc. Nos. 9, 12)

Petitioner Ronald Young is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On December 4, 2025, petitioner filed a motion for a stay and abeyance of these proceedings pursuant to the decision in *Rhines v. Weber*, 544 U.S. 269 (2005), to allow him to exhaust an unexhausted claim in state court. (Doc. No. 9.) On July 16, 2026, the assigned magistrate judge issued findings and recommendations recommending that the motion be denied because petitioner had not made a showing that his unexhausted claim was potentially meritorious as required for issuance of the requested stay under *Rhines.* (Doc. No. 12.) Specifically, the magistrate judge noted that in his unexhausted claim petitioner argued that the state court's denial of his petition for resentencing under California Penal Code § 1170.95 (now § 1172.6) on the

grounds that he did not qualify for resentencing under the statute because he was the actual killer violated his right to due process because the state courts failed to consider his documented substantial impairments and mental illness. (*Id.* at 3–7.) The magistrate judge found, however, that federal courts have repeatedly concluded that the state court's allegedly erroneous denial of resentencing under former § 1170.95 does not raise an issue cognizable on federal habeas review. (*Id.* at 7–8.) Accordingly, because the unexhausted claim was clearly not cognizable in these federal habeas proceedings, the magistrate judge concluded that petitioner had not established that the claim was potentially meritorious as required for a stay under *Rhines*. (*Id.* at 8–9.)

The pending findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 9.) On July 29, 2026, petitioner's counsel filed objections to those findings and recommendations. (Doc. No. 13.) In those objections petitioner's counsel argues that the magistrate judge applied an overly demanding standard in determining that petitioner's unexhausted claim was not potentially meritorious because all that is required is that the claim not be "plainly meritless." (Doc. No. 13 at 2) (citing *Doerr v. Shinn*, 176 F.4th 1117, 1132 (9th Cir. 2026). In addition, counsel argues that petitioner filed a habeas exhaustion petition with the California Supreme Court on January 12, 2026, and that petition remains pending.[1] (*Id.* at 3.) While unclear, it appears that petitioner's counsel may be suggesting that this court delay ruling on the pending motion for a stay until the California Supreme Court rules on the petition pending before it. (*Id.*)

The court is not persuaded by petitioner's objections. First, the court agrees with petitioner that a '"potentially meritorious"' claim under *Rhines* is a claim that is not '"plainly meritless."' *Doerr*, 176 F.4th at 1132 (quoting *Rhines*, 544 U.S. at 277–78). However, it appears that is the standard employed by the magistrate judge in making the determination that petitioner's unexhausted claim for federal habeas relief is not potentially meritorious because it fails to state a cognizable claim on federal habeas. (Doc. No. 12 at 7–9.) Moreover, petitioner

---

[1] As of the date of this order, that petition remains pending before the California Supreme Court.

has failed to explain how the unexhausted, clearly non-cognizable, federal habeas claim is not plainly meritless. Finally, the fact that petitioner's habeas petition seeking review of his claim by the California Supreme Court remains pending would appear to be largely irrelevant to a determination of whether petitioner has established that he is entitled to stay and abeyance of this federal habeas proceeding under *Rhines*.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on July 16, 2026 (Doc. No. 12) are ADOPTED IN FULL;
2. Petitioner's motion for a stay and abeyance (Doc. No. 9) is DENIED; and
3. This action is referred back to the magistrate judge for proceedings.

IT IS SO ORDERED.

Dated: **September 22, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE